OPINIONS OF THE SUPREME COURT OF OHIO
        The full texts of the opinions of the Supreme Court of Ohio
are being transmitted electronically beginning May 27, 1992,
pursuant to a pilot project implemented by Chief Justice Thomas
J. Moyer.
        Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Justine Michael, Administrative Assistant.
Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your comments on this
pilot project are also welcome.
        NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised to
check the bound volumes of Ohio St.3d published by West Publishing
Company for the final versions of these opinions.  The advance
sheets to Ohio St.3d will also contain the volume and page
numbers where the opinions will be found in the bound volumes of
the Ohio Official Reports.

The State, ex rel. Koch, Appellant, v. Industrial Commission of Ohio et al., Appellees.

[Cite as State, ex rel. Koch, v. Indus. Comm. (1992),     Ohio St.3d    .]

Workers' compensation -- Application for additional award alleging violation of specific safety requirements denied -- Mandamus not available when party did not request a rehearing available under Ohio Adm. Code 4121-3-20(G).

(No. 91-15 -- Submitted March 16, 1992 -- Decided June 3, 1992.)

Appeal from the Court of Appeals for Franklin County, No. 89AP-867.

Appellee United Signs, Inc. ("United") repairs and maintains billboards. There is a two-sided billboard one hundred and twenty-five feet above its Cincinnati office. Between the signs is a metal grate platform. During the time of injury herein, access to the platform was via a permanent ladder which was attached to the sign assembly at the top and the roof of United's office below. The ladder opening onto the platform was approximately two and one-half feet by three feet. No guard railings, cover or other device protected the hole.

On April 11, 1986, claimant-appellant, Kenneth E. Koch, fell through the ladder opening while in the course of and

arising from his employment with United. Claimant landed on the office roof below and was severely injured. After his workers' compensation claim was allowed, claimant sought an additional award, alleging numerous violations of specific safety requirements ("VSSR").

An Industrial Commission hearing officer denied claimant's application. She denied all violations alleged under safety code Chapter IC-5 after finding the chapter inapplicable. She further denied all violations claimed under safety code Chapter IC-3 after concluding that none of the named specific safety requirements required protection around an unguarded ladder opening. The commission confirmed the hearing officer's finding and order. The record does not reflect that rehearing was requested.

Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, contending that the commission abused its discretion by denying his application. The court of appeals disagreed and denied the writ.

This cause is now before this court upon an appeal as of right.

Harris F. Jacobs and Daniel B. Startsman, Jr., for appellant.

Lee I. Fisher, Attorney General, Dennis L. Hufstader and Cheryl J. Nester, for appellees Industrial Commission and Bureau of Workers' Compensation.

Richard J. Schimpf and J. Kent Breslin, for appellee United Signs, Inc.

Per Curiam. Our review of the record indicates that claimant did not seek administrative rehearing of the commission's order as permitted by Ohio Adm. Code 4121-3-20(G). As a general rule, failure to exhaust available administrative remedies precludes issuance of a writ of mandamus in a VSSR action. State, ex rel. Bailey, v. Indus. Comm. (1991), 62 Ohio St.3d 191, 580 N.E.2d 1081. Cf. State, ex rel. Cotterman, v. St. Mary's Foundry (1989), 46 Ohio St.3d 42, 544 N.E.2d 887.

For this reason, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.